**NOT FOR PUBLICATION**

**FILED**

AUG 21 2023

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MYOHO MYSTIC WINSTON, Jr., | No. 22-16021 |
| Plaintiff-Appellant, | D.C. No. 1:22-cv-00343-JLT-EPG |
| v. | |
| RUSSELL K. PAUL, Doctor, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted August 15, 2023**

Before:    TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

California state prisoner Myoho Mystic Winston, Jr., appeals pro se from the

district court's judgment dismissing for failure to state a claim his 42 U.S.C.

§ 1983 action alleging deliberate indifference to his serious medical needs. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Winston's action because Winston failed to allege facts sufficient to show that Paul was deliberately indifferent to Winston's serious medical needs by performing surgery to place a stent or, while Winston was receiving other treatment, by declining to perform a follow-up surgery to remove the stent after it had broken. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (holding that deliberate indifference is a "high legal standard" requiring a defendant be aware of and disregard an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Winston's motion to supplement the record (Docket Entry No. 11) is denied.

**AFFIRMED.**

22-16021